

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DAS:GMP
F.#2009R01786

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

December 20, 2010

<u>By ECF and Hand</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>United States v. Anthony Pipitone</u>
            <u>Criminal Docket No. 09-672 (S-1) (NGG)</u>

Dear Judge Garaufis:

      The government respectfully submits this letter regarding the defendant Anthony Pipitone's sentencing, which is scheduled for December 21, 2010.  On August 3, 2010, both the defendant and his brother, Vito Pipitone, pled guilty to two counts of the above-captioned superseding indictment charging them with assault in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 1959(a)(6).

      The Probation Department has determined that the defendant's adjusted offense level is 23 and his Criminal History Category is II, resulting in an advisory Sentencing Guidelines range of 51 to 63 months.  (PSR ¶ 100).  In addition, the government submits that the defendant should receive a one-point "global" adjustment pursuant to paragraphs 2 and 7 of the plea agreement.  Accordingly, the government respectfully submits that the appropriate adjusted offense level is 22.  As set forth in paragraph 2 of the agreement, the defendant stipulated to this level, which carries a sentencing guidelines range of 46 to 57 months.

      As set forth in the Pre-Sentence Report, the charges arose out of an October 2004 incident in which the defendant, his brother and others used knives to attack two young men who they believed were responsible for breaking the windows of a restaurant associated with Bonanno soldier Paul Spina.  Both victims sustained serious injuries in the stabbing and were hospitalized, one with a punctured lung that required him to be

admitted to the intensive care unit. In light of the seriousness and brutality of the crime, the government believes that a sentence within the advisory Guidelines range set forth above is appropriate.

In the defendant's sentencing submission, he characterizes himself as an individual who, in the six years since the subject offense occurred, has "remained gainfully employed working eight to twelve hours a day" and has been "a steady and positive influence for his young children." Notably, the defendant fails to mention that during that same time, he was elevated from the position of an associate in the Bonanno crime family to an acting captain in that same criminal enterprise and that his younger brother and co-defendant in this case, Vito Pipitone, is an associate in the enterprise. Moreover, the assault to which the defendant pled guilty is emblematic of the violence and lawlessness associated with organized crime, for which the defendant must be held accountable. The defendant was a direct participant in that brutal attack, the purpose of which was nothing less than to enforce respect for the Bonanno crime family and to avenge a perceived wrong against one of its members. Its result – the hospitalization of two young men with life-threatening injuries – could easily have been far worse.

This is not the defendant's first conviction. Indeed, the defendant was sentenced in the Southern District of New York to 63 months' custody and 5 years of supervised release for the offense of Conspiracy to Possess with Intent to Distribute Heroin. Less than two years after the expiration of supervised release, the defendant returned to a life of crime by participating in the affairs of the Bonanno crime family and engaging in the violent offenses charged in the superseding indictment. Given the defendant's criminal history, a below-Guidelines sentence will be insufficient to adequately assure that the defendant is deterred from committing future crimes. 18 U.S.C. § 3553(a)(2)(C).

The defendant's family circumstances also do not justify a below-Guidelines sentence. Here, the defendant's family circumstances are in no way unusual. In fact, the defendant's family circumstances are better than those faced by most defendants – his wife is able to work and care for the defendant's children, and the defendant's extended family provides additional financial and childcare support for his children. (PSR ¶¶ 84-85). The difficulties and hardships that the defendant outlines in his submission are no different from the hardships that every criminal defendant faces when confronted with a term of incarceration. In each instance, family members suffer adverse consequences. Courts have routinely held,

however, that the imposition of hardship as a result of a defendant's imprisonment is not a basis for a downward departure based on family circumstances. See, e.g., United States v. Cutler, 520 F.3d 136 (2d Cir. 2008) (reversing a downward departure based upon the defendants' family circumstances and medical condition); United States v. Trupin, 475 F.3d 71, 75 (2d Cir. 2007) (observing that family separation occurs whenever a defendant "runs afoul of the law and is then separated from her family . . . . While tragic, it is a tragedy of [the defendant's] making."); United States v. Faria, 161 F.3d 761, 762 (2d Cir. 1998) (downward departure based on family circumstances denied because "the financial and emotional consequences of [the defendant's] incarceration [were] no greater than those faced by most criminal defendants who have a family").

      For the foregoing reasons, the government respectfully requests that the defendant be sentenced within the advisory Guidelines range of 46 to 57 months.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                    United States Attorney

                     By:  /s/_____
                          Nicole M. Argentieri
                          Stephen E. Frank
                          Gina M. Parlovecchio
                          Assistant U.S. Attorneys

cc:   James Kousouros, Esq. (By ECF)